HORACE HAVEMEYER ET AL., Plaintiffs and Appellants, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5869. Argued May 10, 1933.—Decided November 16, 1933.

*R. Castro Fernández* and *Juan J. Fuertes* for appellants. *Charles E. Winter, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiffs brought this action to recover certain amounts paid under protest as taxes. Twelve out of the seventeen assignments are that the district court erred in not finding that the assessment of twelve parcels of real estate was in each instance excessive, oppressive, and unjust.

As to "La Reparada," a parcel of some 1094.78 *cuerdas,* one of the two witnesses for plaintiffs and the tax assessor were agreed in estimating 400 *cuerdas* of cane land at $400 per *cuerda,* and 200 *cuerdas* of second-class cane land at $250 per *cuerda.* The difference of opinion arose over 100 acres of cane land classified by plaintiffs as third-class cane land and some three hundred acres of sand and saline soil near the sea unsuitable for cane or, so far as disclosed by the evidence, for cultivation of any kind. The one hundred acres was assessed at two hundred and fifty dollars while according to the testimony for plaintiffs it was not worth more than $150 per acre. The testimony for plaintiffs also showed more or less conclusively that the three hundred acres was not worth more than fifteen dollars per acre for agricultural or pasturage purposes. This testimony, however, ignores the fact that "La Reparada" lies between Ponce and the sea. It is not only a cane plantation, but suburban property. It is traversed by the main line and by a spur or branch line of the American Railroad. The railroad station in Ponce is one of the adjoining properties. It is bounded on three sides by as many different highways. One of these is the thoroughfare which connects the city of Ponce with its waterfront. Another is Insular Highway No. 2 from Ponce to Guayanilla and Peñuelas. The third forms another connecting link between Highway No. 2 and the Ponce waterfront. The Portugués River separates this waterfront from the ocean frontage of plaintiffs' property. Plaintiffs had sold some of this frontage at fifty cents a meter. The evidence for plaintiffs does not disclose either the original as-

sessment of these three hundred *cuerdas* or the amount finally fixed by the Board of Equalization. Appellants refer us to a certain page of the stenographic record where a witness for defendant testified that similar lands in the same district had been assessed at fifty dollars per *cuerda*. The same witness in another part of his testimony says that the Board of Equalization in revising the assessment of "La Reparada" had assessed three hundred and sixty-two *cuerdas* as pasture land at $200 and twenty-nine *cuerdas* at $150. We are left in the dark as to what part, if any, of the taxes paid under protest was calculated upon this basis. In any event, the testimony for plaintiffs, dealing as it does with the question of value for agricultural purposes only, would hardly justify a modification of the conclusion reached, first, by the Board of Equalization and later by the district judge. On the other hand the market value of the one hundred acres of third class cane land is not shown to have been materially enhanced by reason of its location. The testimony concerning its value for agricultural purposes is clear, specific and practically uncontradicted. From the evidence as a whole we are unable to say that it was worth more than $150 per *cuerda*. A proportionate part of the tax paid under protest should be refunded.

"El Tuque" is a parcel of some 379 *cuerdas*. Fifty *cuerdas* or more of swamp land near the sea is conceded to be worth $10 per *cuerda* and may be worth something more than that. The rest is barren desert land practically worthless. There is a suggestion in the testimony for defendant that *maguey* might be grown upon it but whether or not this could be profitably done is by no means clear. The whole property was assesed at $7,580. Appellants are willing to accept a valuation of approximately one-half of that amount. More than $3,800 would be clearly excessive. The amount paid under protest, $89.06, should be refunded.

While there is much room for argument in support of conflicting opinions as to the value of other properties in-

volved, the district judge seems to have weighed the evidence in accordance with the rule established in *Ensenada Estates, Inc.* v. *Hill, Treasurer,* 24 P.R.R. 462; and *Saurí & Subirá* v. *Treasurer of Porto Rico,* 26 P.R.R. 543, and we are not disposed to disturb the result.

Other errors, if any, would not require a reversal.

The judgment appealed from will be reversed to the extent already indicated and in all other respects affirmed.